## JACOB TIDD vs. NATHAN SMITH.

A shoe-maker's shop is not *a publick place* within the meaning of that clause in the statute, entitled " An act for taxing the lands and buildings of non-resi- " dents," which requires that before lands are sold for taxes, an advertisement shall be posted up in some " *publick place.*"

THIS was a writ of entry, in which the demandant counted upon his own seisin of a farm in *Deerfield*, and upon a disseisin by the tenant.

The cause was tried here upon the general issue, at February term, 1824.

It was admitted, that the demandant was once seized of the demanded premises. The tenant claimed the premises under a sale for taxes in the year 1820 ; and the validity of the sale depended upon the fact, whether an advertisement, giving notice of the time of the sale, was posted up at some publick place in *Deerfield* three weeks successively, commencing eight weeks prior to the 9th March, 1820, the day of the sale.

It appeared in evidence, that the collector, on the 11th January, 1820, posted up an advertisement of the time and place appointed for the sale of the land, at the dwelling house of *Jesse Bean*, who commenced keeping a tavern in his said house in the month of July previous. On the 18th of January, 1820, *Bean* ceased to keep a tavern, his goods having been attached by his creditors. From that time, however, for several months he carried on his business of a shoe-maker in said house, and in the room where the advertisement was posted up ; and there was evidence that many persons resorted to and frequented said *Bean's* house for several weeks after he ceased to keep tavern.

The court instructed the jury, that *Bean's* house could not in law be considered as a publick house after the 18th January, 1820, and that as the land could not be considered as having been duly advertised, the sale was void.

The jury having returned a verdict for the demandant, the tenant moved the court to grant a new trial, on the ground that the jury had been misdirected.

*Sullivan* and *French*, for the demandant.

*Mason* and *Lawrence*, for the tenant.

*By the court.* The statute, entitled " An act for taxing the " lands and buildings of non-residents," sec. 4, provides, that before lands are sold for taxes, an advertisement shall be posted up " in some publick place in the town or place " where the lands lie, three weeks successively, commenc- " ing eight weeks prior to the sale." In this case it appeared, that after the advertisement was posted up, *Bean's* house remained a tavern only about a week ; after which it was occupied by a shoe maker, who carried on his business in the room where the advertisement remained, and to which many people resorted ; and it is contended, that it ought to have been left to the jury to say whether the place where the advertisement remained was a publick place or not ?

It is very-clear, that the question, whether a particular place is to be considered as a publick place, within the meaning of the statute, is a question partly of fact, and partly of law. The nature and situation of the place, and the uses to which it is applied, are matters of fact to be settled

Tidd
*vs.*
Smith.

by a jury. But when these are settled, whether the place is to be considered a publick place, within the intent of the statute, is purely a question of law. In the present case there was no controversy as to the facts ; the only question was, whether a shoe-maker's shop could be considered as a publick place ; and this, in our opinion, was a question of law not to be submitted to a jury.

But it is contended, that *Bean's* shop was to be considered as a publick place within the meaning of the statute ; and if this objection be well founded, the jury were misdirected, and there must be a new trial.

It is a matter of no inconsiderable importance, that it should be settled, what is to be understood by the words " publick place" in our statutes ; for they are words of frequent occurrence there.

Meetings of the proprietors of common lands are to be called by posting up the warrant " in some publick place with- " in such town, parish, or place where the estate lies, if " within any settled town." 1 *N. H. Laws* 231.

Town meetings are warned by posting up a copy of the warrant " at the meeting house, or some publick place in " said town." 1 *N. H. Laws* 244.

Lists of the voters are to be posted up " in some publick " place or places," previous to town meetings for the choice of state and county officers. 1 *N. H. Laws* 251.

The inhabitants of towns are to be notified to give inventories of their taxable property, by advertisements posted up " at some publick place or places." 1 *N. H. Laws* 259.

Notice of an intended sale of goods, taken as a distress for taxes, must be posted up " in two publick places." 1 *N. H. Laws* 272.

The place, where lands are in certain cases to be sold for taxes, must be " some publick one" in the town where the land lies. 1 *N. H. Laws* 273.

Goods taken upon execution are to be advertised for sale, by notifications posted up " at two of the most publick " places" in the town where the sale is to be. 1 *N. H. Laws* 183.

When shares in incorporated companies and pews in meeting houses are to be sold upon execution, notifications of

the time and place of sale are to be posted up " in one or " more publick places" in the town where such sale is to be made. 1 *N. H. Laws* 185.

When any person finds any goods, or takes up any stray beast, it is made his duty by statute to post up a notification " in some publick place in said town or place." 1 *N. H. Laws* 408.

When cattle are impounded, and the owner is unknown, the person impounding is to post up notifications " at some " publick place in the town where the said creatures are " impounded, and in two adjoining towns." 1 *N. H. Laws* 413.

When the right in equity to redeem real estate mortgaged is to be sold upon execution, notifications of the time and place of sale must be posted up " in two or more publick " places" in the town where the estate is. *Statute of* 1822, *cap* 59.

In all these instances the words, " publick place," were intended, we imagine, to express the same thing ; and they must have been very generally understood by every body in the same sense ; for we do not recollect that any question has ever before this time been raised upon the subject. It is altogether accidental, that it is now made a question, whether the advertisement was in a publick place a sufficient time ; for had *Bean's* house continued an inn, there could have been no doubt. It is believed never to have been questioned that inns were publick places within the meaning of the statutes.

What other places may be deemed publick besides inns, it is unnecessary to decide in this case. Because we are all of opinion, that a shoe-maker's shop cannot be deemed such within the meaning of the statute now under consideration.

The general understanding of the community on a question of this nature is entitled to much respect; and it is believed this understanding has viewed as publick places, houses of publick worship, inns, and perhaps in some places shops where goods are retailed.

We are not aware, that a mechanick's shop has ever been considered as a publick place any where.

*Judgment on the verdict.*